Gene SCHENBERG,
Plaintiff/Respondent,

v.

BITZMART, INC. and Stealth MediaLabs, Inc., Defendants/Appellants.

No. ED 84637.

Missouri Court of Appeals,
Eastern District,
Division One.

June 14, 2005.

Application for Transfer to Supreme Court
Denied Nov. 29, 2005.

Application for Transfer Denied
Dec. 20, 2005.

Richard Felix Huck, III, St. Louis, MO, for appellant.

Jay Lee Kanzler, Jr., St. Louis, MO, for Bitzmart & Stealth Medialabs, Inc.

SHERRI B. SULLIVAN, J.

*Introduction*

Bitzmart, Inc. (Bitzmart) and Stealth MediaLabs, Inc. (Stealth MediaLabs) (collectively Appellants) appeal from the trial court's judgment in favor of Gene Schenberg (Respondent) on Respondent's claims for compensation due at the time of his termination from employment with, and the value of his shares of company stock in, Bitzmart. We dismiss for lack of jurisdiction.[1]

1. Respondent's Motion to Dismiss is granted in accordance with this opinion. Appellants'

Motion to Strike is denied.

## Procedural Background

The trial court's judgment in this matter was entered on March 23, 2004. On April 5, 2004, Howard Leventhal (Leventhal), a principal shareholder in Appellants, filed a document with the court entitled "Defendants' Memorandum of Preliminary Grounds for Grant of New Trial." On April 19, 2004, Leventhal filed a motion for new trial on behalf of Appellants. On May 5, 2004, Respondent filed a motion to dismiss Appellants' post-trial motions for lack of jurisdiction, because they were filed by a non-attorney on behalf of a corporation. On May 13, 2004, after a hearing, the trial court granted Respondent's motion to dismiss all of Appellants' post-trial motions for lack of jurisdiction, noting that Leventhal is a non-attorney. The judgment also indicates that the parties stipulated that judgment in this case was entered on March 23, 2004.

Appellants, by an attorney, filed a notice of appeal on May 21, 2004; twenty-nine days after the judgment became final on April 22, 2004.

## Jurisdiction

■ Appellants present this Court with four points on appeal, the first of which asserts that we have jurisdiction of this case. Respondent has filed a motion to dismiss for lack of jurisdiction. Appellants assert that we have jurisdiction to consider their appeal because it was timely filed by an attorney within ten days after the trial court disposed of Appellants' motion for new trial, and the trial court erred in ordering the motion for new trial dismissed on the grounds that it was filed by a non-attorney, because Missouri does not apply a bright-line test holding any pleading filed on behalf of a corporation by a non-attorney void *ab initio* and, instead, a motion for new trial in a judge-tried case is a perfunctory pleading and is an exception to the general rule that a corporation must be represented by an attorney. Appellants maintain they would be prejudiced if their motion is held invalid as the trial court's actions led them to believe the motion for new trial could be filed by a non-attorney.

■ Appellants' notice of appeal, filed on May 21, 2004, was not filed within 10 days of the date the trial court's March 23, 2004 judgment became final, as required by Rule 81.04(a).[2] Appellants maintain that their notice was filed within 10 days of the date the trial court disposed of their motion for new trial. However, the motion for new trial was not filed by an attorney. The general rule is that a corporation may not represent itself in legal matters, and must act through licensed attorneys. *Reed v. Labor and Indus. Relations Comm'n*, 789 S.W.2d 19, 21 (Mo.banc 1990). The normal effect of a representative's unauthorized practice of law is to dismiss the cause or treat the particular actions taken by the representative as a nullity. *Strong v. Gilster Mary Lee Corp.*, 23 S.W.3d 234, 241 (Mo.App. E.D.2000); *Joseph Sansone Co. v. Bay View Golf Course*, 97 S.W.3d 531, 532 (Mo.App. E.D. 2003). The trial court did precisely that. We find no error in the trial court's finding that Appellants' motion for new trial was void. As such, it did not extend the time limit for filing an appeal.

Appellants maintain that they should come within the exception to the rule, because they would be prejudiced if their motion is held invalid as the trial court's actions led them to believe the motion for new trial could be filed by a non-attorney.

**2.** All rule references are to Mo. R. Civ. P.2004.

We disagree. The record contains no evidence to support the assertion that the trial court led Leventhal to believe that he could file pleadings on behalf of Appellants or otherwise represent them in court. Furthermore, the record demonstrates that Leventhal was clearly aware that he could not. Prior to his withdrawal for non-payment, Appellants' attorney informed Leventhal that "a non-lawyer may not represent a corporation in court," and that the court would probably not allow him to represent Appellants because he was not a licensed attorney. After being so informed, Leventhal himself filed a pleading on behalf of Appellants that states, "Defendants are corporations which require representation by a duly licensed attorney under Missouri law...."

■ Appellants also argue that a motion for new trial in a judge-tried case is a perfunctory pleading and is an exception to the general rule that a corporation must be represented by an attorney. Appellants present no authority for such a supposition. Furthermore, we wholly disagree that a motion for new trial is "perfunctory." On the contrary, the timing and validity of a motion for new trial can be a decisive factor in whether a party has timely appealed under Rule 81.05, as is demonstrated in the instant case.

For the foregoing reasons, we find that this appeal is untimely, and thus we lack jurisdiction to hear it. Appellants' appeal is dismissed.

GARY M. GAERTNER, SR., P.J., and BOOKER T. SHAW, J., concur.