**6226 NORTHWOOD CONDOMINIUM ASSOCIATION, Respondent,**

v.

**Imogene M. DWYER, Appellant.**

**No. ED 92758.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 9, 2010.

---

Shulamith Simon, Saint Louis, MO, for Appellant.

Reece Pence, St. Louis, MO, for Respondent Acting pro se.

## OPINION

GLENN A. NORTON, Presiding Judge.

Imogene M. Dwyer appeals the trial court's judgment in favor of 6226 North-wood Condominium Association ("the Association") after a trial de novo on the Association's claim against Dwyer for unpaid assessments. We reverse and remand.

## I. BACKGROUND

The Association filed an action in small claims court alleging that Dwyer failed to pay special assessments due to the Association for the months of May, June, July, and August of 2008. The Association also claimed she failed to pay general assessments in July and August of 2008. The small claims court entered judgment in favor of the Association for $1,316.00. Dwyer filed an application for trial de novo. At the trial de novo, the Association was represented by Reese Chester Pence, the treasurer of the Association. The trial court heard the case and entered judgment in favor of the Association for $1,321.00 in damages. Dwyer now appeals.

## II. DISCUSSION

### A. Standard of Review

We will affirm the decision of the trial court unless there is no substantial evidence to support it, the decision is against the weight of the evidence, or the trial court erroneously applied or declared the law. *Jacobs v. Dennis*, 971 S.W.2d 353, 354 (Mo.App. E.D.1998).

### B. The Trial Court Erroneously Declared the Law with Respect to the Procedure Governing the Trial De Novo

In her first point on appeal, Dwyer claims the trial court failed to comply with the statutory requirement that a trial de novo is governed by the practice in trials before circuit judges. More specifically, she claims the trial court erroneously permitted the Association to be represented by a non-attorney at the trial de novo.

Pursuant to section 482.365.2 RSMo 2000[1], a trial de novo "shall be governed by the practice in trials before circuit judges...."[2] "The general rule is that a corporation may not represent itself in legal matters, and must act through licensed attorneys." *Schenberg v. Bitzmart, Inc.*, 178 S.W.3d 543, 544 (Mo.App. E.D.2005). Generally, where a representative engages in the unauthorized practice of law, the proper remedy is to dismiss the cause or treat the actions taken by the representative as a nullity. *Id.*

During the trial de novo, upon objection of counsel to the admission of certain documents, the trial court expressed its belief that a non-attorney could be authorized to represent the Association, a corporation, at the trial de novo. In response to counsel for Dwyer's objection to Pence's representation of the Association, the trial court specifically said, "I'm just not convinced the filing a trial de novo means that non-attorneys no longer get to represent these business organizations. The statute does not say that."

Here, the trial court erroneously declared the law with respect to the procedure governing the trial de novo. Section 482.365.2 clearly states the trial court was bound by the rules of practice before the circuit courts. As discussed, a corporation may not represent itself. *Schenberg*, 178 S.W.3d at 544. Here, the Association, a corporation, was represented by Pence, a non-attorney. The effect of such representation required the trial court to dismiss the cause, and the court did not do so. *Id.* Therefore, we must reverse the judgment of the trial court in favor of the Association and remand with instructions to the trial court to dismiss the cause.[3]

## III. CONCLUSION

The judgment is reversed and remanded for further proceedings consistent with this opinion.

MARY K. HOFF, J. and LAWRENCE E. MOONEY, J., concur.

---

1. All further statutory references are to RSMo 2000.

2. The provision does allow for an exception to this rule where the parties agree the case may be tried to a jury of not less than six persons; however, this exception does not apply here.

3. In her second point on appeal, Dwyer claims the judgment of the trial court was not supported by substantial evidence because there was no evidence that the special assessments were authorized by the Declaration of Condominium for 6226 Northwood. In light of our ruling above, it is unnecessary to review Dwyer's second point on appeal.