**Modified 6/02/15**



# *MISSOURI COURT OF APPEALS*
## *WESTERN DISTRICT*

| | | |
|---|---|---|
| CASEWORK, INC., | ) | |
| | ) | **WD77620** |
| Respondent, | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | |
| HARDWOOD ASSOCIATES, | ) | **April 28, 2015** |
| INC., ET AL.; | ) | |
| Appellants, | ) | |
| | ) | |
| HANOVER INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Respondent. | ) | |

### Appeal from the Circuit Court of Clay County, Missouri
### Honorable Kathryn Elizabeth Davis, Judge

### Before Division One:  James Edward Welsh, P.J.,
### Thomas H. Newton, and Karen King Mitchell, JJ.

Hardwood Associates, Inc., and Hardwood Associates Nationwide, LLC (collectively Hardwood), appeals the judgment in favor of Casework, Inc., after a bench-tried case. Hardwood argues that the trial court erred in determining that personal jurisdiction existed and in requiring a non-lawyer to represent a corporation at trial.  We affirm.

### Factual and Procedural History

Casework, a now-defunct Missouri corporation, and Hardwood, an Iowa subcontractor company, entered into an agreement to work on a project in Colorado.  To form the agreement,

Hardwood submitted a bid to Casework by e-mail, and the parties exchanged several e-mails, which included various drafts of the agreement. Although Hardwood did not sign the final agreement, it began work in Colorado. Additionally, Hardwood's president, Mr. Michael Pothoff, visited Missouri three times for in-person meetings with representatives of Casework to renegotiate the terms.

A disagreement ensued between the parties, and Casework filed suit against Hardwood in Missouri for breach of contract and interference with a business relationship and expectations related to the Colorado project. Hardwood filed an answer in Missouri; the answer raised counterclaims against Casework for breach of contract and unjust enrichment. Hardwood also filed suit in Colorado against (1) Casework to foreclose on its mechanic's lien, and (2) Hanover Insurance Co. (Hanover), which provided Casework's surety bonds for the project, for third-party indemnification. Hardwood later added Hanover to the Missouri lawsuit as a third-party defendant. Additionally, Hardwood filed a motion to dismiss the Missouri case for lack of personal jurisdiction and *forum non conveniens*. The Missouri trial court denied the motion.

Before trial, Hardwood's counsel withdrew from the Missouri case. Hardwood did not file an objection to counsel's withdrawal. However, Hardwood retained counsel for the Colorado lawsuit.

At the start of the Missouri bench trial, Hardwood's president, Mr. Pothoff, requested a continuance. The trial court acknowledged receipt of a letter from Mr. Pothoff requesting a continuance, deemed it insufficient, and denied the request. Mr. Pothoff told the trial court that he did not have counsel for the Colorado case to represent him in Missouri because "[t]hey had nothing to do with the case here," and that he was unable to obtain records from his former Missouri counsel.

2

Casework and Hanover waived the right to a jury trial, but Mr. Pothoff requested one. He again requested a continuance to obtain counsel. The trial court denied the request for a continuance. It also determined that Hardwood had waived the right to a jury trial by failing to appear at the pretrial conference, obtain counsel, or provide jury instructions. The trial court asked Mr. Pothoff if he wanted to call his Colorado counsel to obtain documents, and he declined.

During opening statements, Hanover's counsel raised the issue of Mr. Pothoff's ineligibility to represent Hardwood *pro se*. He stated that "[p]ursuant to the law on that particular issue, to have an opening statement by Mr. Pothoff[,] who is not an attorney[,] essentially violates the provision that a corporation needs to be represented in court."

The only witness who testified at trial was Casework's president, Mr. Norman Morris. The trial court instructed Mr. Pothoff to conduct cross-examination; at which point, he requested a mistrial. The trial court denied it, and Casework's counsel objected to Mr. Pothoff's *pro se* representation of Hardwood and asked for a "continuing objection." The trial court granted it, and Mr. Pothoff questioned Mr. Morris. Casework's exhibits, including depositions of Mr. Pothoff, were admitted into evidence. Mr. Pothoff offered no evidence for Hardwood.

Ultimately, the trial court entered judgment for Casework. The trial court ordered Hardwood to pay Casework $714,621.66, with an additional $147,689.09 in interest, $50,000 in actual damages, $50,000 in punitive damages, and $275,000 in attorney fees. Hardwood obtained legal counsel and filed a motion to amend the judgment, or, in the alternative, for a new trial. The trial court denied the motion. Hardwood appeals.

**Standard of Review**

"The sufficiency of the evidence to make a prima facie showing that the trial court may exercise personal jurisdiction is a question of law, which, on appeal, this Court reviews *de novo*." *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010) (internal quotation marks and citation omitted). "On review of a court-tried case, an appellate court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014).

**Legal Analysis**

Hardwood raises two points. In the first point, Hardwood argues that the trial court erred in holding that it had personal jurisdiction over it because the company "timely and properly raised its objection to personal jurisdiction and never waived it, and the trial court's conclusion that Hardwood had sufficient 'minimum contacts' with Missouri violated Hardwood's [d]ue [p]rocess rights." Hardwood contends that "no part of [the] contract with Casework contemplated Hardwood's performance of any services in Missouri, and [that] Hardwood's only contacts with Missouri were its principal merely coming to Missouri three times to try negotiating the contract and its sending communications to Missouri."

"When personal jurisdiction is contested, it is the plaintiff who must shoulder the burden of establishing that defendant's contacts with the forum state were sufficient." *Bryant*, 310 S.W.3d at 231 (internal quotation marks and citation omitted). "Missouri courts employ a two-step analysis to evaluate personal jurisdiction." *Walters Bender Strobehn & Vaughan, P.C. v. Mason* (*Strobehn*), 397 S.W.3d 487, 498 (Mo. App. W.D. 2013) (internal quotation marks and citation omitted). The first step is to determine "whether the defendant's conduct satisfies

4

Missouri's long-arm statute, section 506.500." *Id.* (internal quotation marks and citation omitted). "If so, the court next evaluates whether the defendant has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over the defendant comports with due process." *Id.* (internal quotation marks and citation omitted). In doing so, we consider the allegations contained in the pleadings. *Bryant*, 310 S.W.3d at 231.

Section 506.500[1] states, in relevant part:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1)  The transaction of any business within this state; [or]

(2) The making of any contract within this state[.]

"For purposes of the long-arm statute, a contract is made where acceptance occurs." *Strobehn*, 397 S.W3d at 498. Because Hardwood challenges neither the making of a contract nor transacting business in Missouri, the trial court's determination of proper jurisdiction is "consistent with Missouri's long-arm statute."[2] *See id.* at 499.

As for the second step, "the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a defendant's contacts with the forum be sufficiently extensive so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (internal quotation marks and citation omitted). When conducting an

---

[1] Statutory references are to RSMo 2000 and the Cumulative Supplement 2009, unless otherwise stated.

[2] In the judgment, the trial court found that Hardwood had committed the specific acts of "negotiat[ing] and enter[ing] into a contract within this state" and "transact[ing] business in this state" under the long-arm statute. To the extent that the facts suggest that the contract was actually made in Colorado, the record supports the alternative finding that the electronic communications into Missouri to negotiate contract terms and the three visits to renegotiate the terms constitute "[t]he transaction of any business within this state."

evaluation of minimum contacts, "the focus is on whether there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*. (internal quotation marks and citation omitted).

Sufficient minimum contacts may be established even in instances where "an out-of-state defendant . . . conduct[s] business in a State the defendant never physically enters." *Id*. at 502. "[I]t is the *nature* of [the] communications," and "not the *medium* through which those communications occurred, which is decisive." *Id*. at 503.

Additionally, the "exercise of personal jurisdiction over a defendant with minimum contacts must be reasonable in light of the surrounding circumstances of the case." *Id*. (internal quotation marks and citation omitted). "This reasonableness depends on an evaluation of several factors," including "the burden on the defendant, the forum's interest in adjudicating the dispute, and the plaintiff's interest in obtaining convenient and effective relief." *Peoples Bank v. Frazee*, 318 S.W.3d 121, 129 (Mo. banc 2010) (internal quotation marks and citation omitted). "Where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id*. (internal quotation marks, citation, and brackets omitted). Therefore, "[i]n determining whether a defendant has established sufficient minimum contacts, the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id*. (internal quotation marks and citation omitted).

Here, there are sufficient minimum contacts between Harwood and this state. Harwood submitted a bid to Casework and later negotiated terms through electronic communications with

Casework in Missouri that formed a contract with it. Mr. Pothoff's visits to Missouri concerned the ongoing project that Hardwood agreed to perform for Casework. Hardwood had additional contact with Casework in the State of Missouri via telephone calls and e-mails between those visits to communicate about the progress of the project and other related matters. Hardwood's contacts were purposeful, and the requirement to appear for court in Missouri is reasonable. Accordingly, the trial court did not err in determining the existence of personal jurisdiction. Thus, Hardwood's first point is denied.

In the second point, Hardwood argues that the trial court erred in "forcing" Mr. Pothoff to represent it at trial because "the law of Missouri is [that] a corporation or limited liability company only can appear in court by a licensed attorney." It contends that "a judgment rendered in a proceeding where a non-lawyer was forced to represent such an entity is void," and that, in instances where a corporation or limited liability corporation does not appear for trial, the trial court's discretion is limited solely to continuation of the trial or holding the absent party in default.[3]

"A natural person ordinarily is entitled to appear and assert claims on his own behalf in Missouri courts, but a corporation may appear only through an attorney licensed or admitted to practice here by th[e Missouri Supreme] Court." *Naylor Senior Citizens Hous., LP v. Sides Constr. Co., Inc.*, 423 S.W.3d 238, 243 (Mo. banc 2014). "The acts of someone engaged in the unauthorized practice of law may not be given effect as though the practice was authorized." *Id.* at 246. However, "representation by one not authorized to practice law is not jurisdictional and does not render a decision void." *Haggard v. Div. of Emp't Sec.*, 238 S.W.3d 151, 155-56 (Mo.

---

[3] Hardwood's use of the term, "default," is technically incorrect. Hardwood had filed an answer, and was not "in default" when it inexcusably failed to timely appear for trial. *See, e.g., Svejda v. Svejda*, 156 S.W.3d 837, 839 (Mo. App. W.D. 2005). Any proceeding held after an answer, even though a defendant failed to appear, would result in a judgment on the merits. *Id.*

7

banc 2007). It may, however, constitute error when it is objected to in a timely manner. *Naylor*, 423 S.W.3d at 250 ("Actions taken in court by a layperson on behalf of another may not be given effect and, when objected to in a timely manner, must be stricken."); *Haggard*, 238 SW.3d at 155 ("Contrary to [employer]'s assertions, nothing mandates dismissal of this action because [the agency] was improperly represented by a non-lawyer unless the error was raised and preserved.")

Hardwood argues that "[w]hile it might not be jurisdictional, it still is a rule that, when a layperson's unauthorized practice of law on behalf of a corporation is objected to, the result of the proceeding is void and, on appeal, must be dealt with accordingly." Hardwood acknowledges that the Missouri cases, including *Naylor* and *6226 Northwood Condominium Ass'n v. Dwyer*, 330 S.W.3d 504 (Mo. App. E.D. 2010), have nullified judgments and actions based on the unauthorized practice of law by the plaintiff party. Thus, Hardwood invites this court to apply these holdings to a defendant party's unauthorized representation at trial. We decline to do so in these circumstances because there is no prejudice.

"[N]o appellate court shall reverse a judgment unless the circuit court committed an error 'against the appellant materially affecting the merits of the action.'" *Ivie*, 439 S.W.3d at 199 (quoting Rule 84.13(b)) (finding the misapplication of the law was not prejudicial and thus did not warrant reversal). To determine the existence of prejudice warranting reversal, "we compare what did occur with what would have occurred had the trial court granted [the] appellant the requested relief." *Fairbanks v. Weitzman*, 13 S.W.3d 313, 321 (Mo. App. E.D. 2000). "The burden to establish prejudice is on the complaining party." *Id*.

The unauthorized practice of law is error, but the resulting judgment is void when the non-attorney initiated the action or influenced the judgment such that to allow the judgment to stand would have given effect to the unauthorized practice of law. *See, e.g., id.* at 247 ("Citing

8

the rule while excusing a violation, and thereby allowing the violator to profit from the disobedience, is not enforcement."). This is true even when the defendant party acts without an attorney. *See, e.g., Schenberg v. Bitzmart, Inc.*, 178 S.W.3d 543, 544 (Mo. App. E.D. 2005) (refusing to calculate the time for filing a notice of appeal from the date of the ruling on the post-trial motion, and instead calculating the deadline from the date of the judgment because the defendant corporation's motion was not filed by an attorney); *Joseph Sansone Co. v. Bay View Golf Course*, 97 S.W.3d 531, 532 (Mo. App. E.D. 2003) (voiding a notice of appeal because it was not signed by an attorney for the defendant corporation). "[I]t is only actions constituting the unauthorized practice of law that must not be given effect; the proceedings in which that conduct occurs remain valid." *Naylor*, 423 S.W.3d at 250.

Here, the non-attorney's actions consisted of seeking a continuance and a mistrial, objecting to representing Hardwood's interest, and cross-examining one witness. These actions, when treated as nullities, have no effect on the judgment in Casework's favor. Absent Mr. Pothoff's actions, the trial court would have proceeded in the same manner as it did—tried the case on the merits with only Casework's evidence.[4] Furthermore, our holding will discourage similar behavior from a corporation attempting to appear in court without an attorney. *Naylor*, 423 S.W.3d at 247 ("[T]hose who act for a statutory entity also know (and, therefore, the entity knows) that a layperson cannot appear for the entity in court without engaging in the unauthorized practice of law.").

Therefore, although the trial court may have erred by requiring Mr. Pothoff to represent Hardwood at trial, it was not prejudicial error warranting a reversal. Hardwood's second point is denied.

---

[4] Contrary to Hardwood's contention, the ensuing judgment is on the merits and not one of default. *See Svejda v. Svejda*, 156 S.W.3d 837, 839 (Mo. App. W.D. 2005); *see also Everest Reinsurance Co. v. Kerr*, 253 S.W.3d 100, 106 (Mo. App. W.D. 2008).

**Conclusion**

For the above reasons, we affirm.

/s/THOMAS H. NEWTON
Thomas H. Newton, Judge

Welsh, P.J., and Mitchell, J. concur.