Edward J. **SHERMAN** and Edward J. Sherman Enterprises Inc. d/b/a Find It Apartment Locators & Citi Homes, **Appellants**

v.

Datril **BOSTON** and Apartment Express, LLC d/b/a Mr. Day Rents, **Appellees**

NO. 14–14–00764–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinions filed January 28, 2016

Rehearing Overruled March 3, 2016

Clayton C. Cannon, Houston, TX, Lauri Jane Anderson, Houston, TX, for Appellants.

Datril Boston, Houston, TX, pro se.

Panel consists of Chief Justice Frost and Justices Jamison and Busby.

## OPINION

J. Brett Busby, Justice

Appellants Edward J. Sherman and Edward J. Sherman Enterprises, Inc. d/b/a Find It Apartment Locators and Citi Homes (Find It) appeal from a conversion judgment in favor of appellees Datril Boston and Apartment Express, LLC d/b/a Mr. Day Rents (Mr. Day Rents), which the trial court signed following a bench trial. Appellants first challenge the trial court's personal jurisdiction over Find It. Because citation was never issued and served on Find It in a manner provided by law, the trial court did not acquire personal jurisdiction over Find It. We therefore reverse the judgment against Find It and render judgment dismissing appellees' claims against Find It.

Sherman also argues that Boston did not have standing to bring his common-law conversion claim against him. Because the evidence establishes that the referral fees allegedly converted by Sherman belonged to Mr. Day Rents, we agree that Boston does not have standing to pursue a common-law conversion cause of action. We therefore reverse the judgment in favor of Boston and dismiss Boston's conversion cause of action against Sherman.

Finally, appellants contend that the evidence is legally insufficient to support the conversion judgment in favor of Mr. Day Rents because Mr. Day Rents was not represented by a licensed attorney at the time of the bench trial. Because Mr. Day Rents was not represented, the evidence

offered by Boston (proceeding pro se) has no legal effect, rendering the evidence legally insufficient to support the judgment. We therefore reverse the judgment in favor of Mr. Day Rents and render judgment that Mr. Day Rents take nothing from Sherman.

### BACKGROUND

Sherman and Find It operate a number of apartment locating businesses. Boston worked off and on as an agent for Find It. As a Find It agent, Boston located apartments for potential tenants in exchange for a referral fee paid by the apartment complex.

Boston eventually obtained his own broker's license through the Texas Real Estate Commission. Boston stopped working for Find It and formed his own apartment locating business: Mr. Day Rents. After forming Mr. Day Rents, Boston approached Sherman about Sherman and his companies factoring apartment complex referral fee invoices. Sherman testified that under this factoring arrangement, Sherman advanced a percentage of the referral fees to Boston, and Sherman and Find It then received the proceeds when the apartment complex paid the referral fee invoice. Sherman and Boston signed a Factoring Agreement providing: (1) that Boston would submit all factored invoices to "the [c]orporate office" for collection, and (2) funds would be advanced to Boston against the factored invoices.[1]

The renewed relationship lasted about eleven months. During this time, Boston submitted invoices for factoring totaling approximately $159,000, and Find It advanced about $110,000 through checks made payable to Boston. From the invoices submitted for factoring, Sherman and Find It collected only about $92,000, creating a shortfall of approximately $18,000.

Sherman eventually grew concerned that Boston was collecting and cashing the apartment complex referral fee checks rather than submitting them in payment of the factored invoices. Sherman had Find It's accounting department contact various apartment complexes regarding the payment of referral fees. In Sherman's view, the investigation confirmed that Boston was not bringing Find It the apartment complex referral fee checks against which he had been advanced money, but instead was collecting and cashing the checks himself. Sherman testified that the investigation revealed that Boston had collected a total of $15,672 in this manner.

As a result of the investigation, Find It stopped making advance payments to Boston. Find It also sent statements directly to apartment complexes on invoices against which it had advanced money to Boston. Several of these apartment complexes then sent Find It checks for Mr. Day Rents' apartment placement referral fees. According to Sherman and Find It's accountant, Find It had already advanced Boston money against each of the checks it received.

Find It sued Boston, alleging multiple causes of action including breach of contract and quantum meruit. Eventually, an amended petition was filed naming Edward J. Sherman, individually, as the only plaintiff. Find It was not listed as a party on this or any subsequent petition. Boston eventually filed an answer. Soon after

---

1. Pursuant to the Factoring Agreement, Sherman received a 10% fee for all factored invoices. Additionally, he would withhold 17% of the invoice amount as a reserve for invoices that could not be collected. When Boston submitted an invoice to be factored, Sherman would therefore advance 73% of the invoice amount to Boston.

filing the answer, Boston's attorney withdrew from representing Boston.

In addition to seeking damages, Sherman also sought a temporary injunction, which the trial court granted. Among other things, the temporary injunction required Boston "to place all funds previously collected, which were held in [Boston's] former attorney's trust account, into the registry of the court." In accordance with the temporary injunction, Boston's former attorney deposited $11,410.04 into the registry of the court.

Boston obtained the services of a second attorney. That attorney filed breach of contract and conversion counterclaims on behalf of Boston and Mr. Day Rents against Sherman and Find It. Find It was never served with citation and it did not otherwise make an appearance in the lawsuit. Boston's second attorney soon withdrew from the case, and at no point after that were Boston or Mr. Day Rents represented by legal counsel.

The case went to trial before the bench. At trial, Boston, appearing pro se, admitted that he had received checks from Find It totaling $110,629.97. Boston argued that the money was not paid to him pursuant to the Factoring Agreement, which he pointed out had been signed by Sherman and Boston only in their individual capacities. Boston further testified that he had never actually worked under the Factoring Agreement. Boston testified that he believed that the $110,629.97 he had received from Find It was a loan for which he had pledged his receivables as collateral. Boston further testified that he believed Find It had advanced the money to him because he was a "nice guy." Boston also argued during trial that Find It had negotiated the checks made out to Mr. Day Rents without authority to do so.

Sherman testified that all of the checks made out to Mr. Day Rents, and negotiat-ed by Find It, were checks against which Boston had already received advances under the Factoring Agreement. In addition, Find It's accountant testified that Boston had authorized her to negotiate checks made payable to Mr. Day Rents.

After the bench trial concluded, the trial court signed a Final Judgment in favor of Boston and Mr. Day Rents. The trial court rendered a take-nothing judgment on Sherman's claims against appellees Boston and Mr. Day Rents. The trial court also rendered a take-nothing judgment on appellees' counterclaim for breach of contract. Finally, the trial court found in favor of appellees on their conversion counterclaim and awarded them the $11,410.04 that had previously been placed into the registry of the court. This appeal followed.

ANALYSIS

Appellants Sherman and Find It raise four issues on appeal, none of which challenge the take-nothing judgment rendered on Sherman's causes of action. Appellants' issues instead focus on the judgment against them.

## I. The judgment against Find It is void because the trial court did not reacquire personal jurisdiction over Find It.

■ In their first issue, appellants argue that because Find It was never served with process and did not waive service of process or otherwise make an appearance in the trial court after it was dropped from the petition, the trial court did not reacquire personal jurisdiction over Find It. We agree.

■ A trial court lacks personal jurisdiction over a defendant to whom citation has not been issued and served in a manner prescribed by law unless the defendant

waives service or enters an appearance. *See* Tex. R. Civ. P. 124; *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *Menon v. Water Splash, Inc.*, 472 S.W.3d 28, 31 (Tex.App.–Houston [14th Dist.] 2015, pet. filed); *In re D.A.P.*, 267 S.W.3d 485, 489 (Tex.App.–Houston [14th Dist.] 2008, no pet.). Whether a trial court has personal jurisdiction over a defendant is a question of law, which we review de novo. *Haaksman v. Diamond Offshore (Bermuda), Ltd.*, 260 S.W.3d 476, 479 (Tex.App.–Houston [14th Dist.] 2008, pet. denied).

In the original petition initiating this litigation, the plaintiff was identified as Edward J. Sherman Inc. d/b/a Find It Apartment Locators, "an individual whose address is 6800 Bintliff Drive, Houston, Texas 77074." Once he was served with the lawsuit, Boston filed a verified denial asserting that the plaintiff did not have the legal capacity to sue in the case. In response, Sherman filed an amended petition deleting Find It as the plaintiff and inserting himself as the sole plaintiff. Because Boston had no claim for affirmative relief pending against Find It at the time of the amendment, Find It ceased to be a party to the litigation at that time. *See* Tex. R. Civ. P. 162; *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 324 (Tex.2009) (stating that plaintiff has unqualified and absolute right to nonsuit as long as defendant has not made claim for affirmative relief); *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 53–54 (Tex.2003) (stating that amended petition is designed to add something to or withdraw something from the amending party's own pleading to cure its deficiencies);

*Smith v. CDI Rental Equip., Ltd.*, 310 S.W.3d 559, 565 (Tex.App.–Tyler 2010, no pet.) ("Parties to a suit, including plaintiffs, are just as effectively dismissed from a suit by omitting their names from an amended pleading as where a formal order of dismissal is entered."); *Fraud–Tech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 375 (Tex.App.–Fort Worth 2003, pet. denied) (stating general rule that parties to a suit, including plaintiffs, are dismissed from the suit by omitting their names from an amended pleading).

Almost a full year after Find It dismissed its claims, Boston and Mr. Day Rents filed a counterclaim naming Sherman and Find It as counter-defendants. Nothing in the record establishes that appellees served Find It with citation, or that Find It waived service or otherwise entered an appearance after the counterclaim was filed and before the trial court rendered judgment.[2] In *Houston Crushed Concrete, Inc. v. Concrete Recycling Corp.*, we applied Rules 21a and 124 to hold that service of citation was not required with respect to counterclaims against an intervenor who had entered an appearance before the counterclaims were filed and only nonsuited its intervention thereafter. 879 S.W.2d 258, 261 (Tex.App.–Houston [14th Dist.] 1994, no writ). Those rules do not apply here, however, because Find It ceased to be a party before Boston asserted any claim for affirmative relief against it. *See* Tex. R. Civ. P. 124 ("When a party asserts a counterclaim ... against *another party* who has entered an appearance, the claim may be served ... as provided in Rule 21(a)." (emphasis added)); *see also*

---

2. Although the judgment recites that Find It appeared and announced ready for trial, the presumptive correctness of this recital is rebutted by the reporter's record, which shows no appearance by Find It and no announcements of readiness for trial by anyone. *See generally Southern Ins. Co. v. Brewster*, 249

S.W.3d 6, 13–14 (Tex.App.–Houston [1st Dist.] 2007, pet. denied) (discussing presumption of regularity of judgments and ability to controvert the presumption based upon the record). The only attorney appearing is listed as the "Attorney for Plaintiff, Edward J. Sherman."

Tex. R. Civ. P. 21a (allowing pleadings other than "citation to be served upon the filing of a cause of action" to "be served by delivery a copy to the *party* to be served, or the *party's* duly authorized agent or attorney of record" (emphasis added)).

After Find It ceased to be a party, Find It was not served with citation, nor did it waive service or enter an appearance in the lawsuit. Therefore, the trial court lacked personal jurisdiction to render judgment against Find It. *Yuen v. Gerson*, 342 S.W.3d 824, 829 (Tex.App.–Houston [14th Dist.] 2011, pet. denied); *In re D.A.P.*, 267 S.W.3d at 489–90; *see Waterman Steamship Co. v. Ruiz*, 355 S.W.3d 387, 398 (Tex.App.–Houston [1st Dist.] 2011, pet. denied) (stating that nonsuit puts the parties back into the position they were in before the suit was brought). Even if Find It was aware of the counterclaim, it was under no obligation to act. *Yuen*, 342 S.W.3d at 829 (citing *Wilson*, 800 S.W.2d at 837). We therefore sustain appellants' first issue, reverse the judgment against Find It, and render judgment dismissing appellees' claims against Find It for lack of personal jurisdiction.

## II. Boston does not have standing to bring a common-law conversion cause of action against Sherman.

■ In his second issue, Sherman asserts that Boston did not have standing to bring his common-law conversion claim against him because the checks that were allegedly converted belonged to Mr. Day Rents.

■ Standing, a component of subject-matter jurisdiction, is a constitutional prerequisite to maintaining suit under Texas law. *Tex. Ass'n. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993); *Concerned. Cmty. Involved Dev., Inc. v. City of Houston*, 209 S.W.3d 666, 670 (Tex.App.–Houston [14th Dist.] 2006,

pet. denied). Standing requires that there exist a real controversy between the parties that will actually be determined by the judicial declaration sought. *Sammons & Berry, P.C. v. Nat'l Indem. Co.*, No. 14-13-00070-CV, 2014 WL 3400713, at *3 (Tex.App.–Houston [14th Dist.] July 10, 2014, no pet.) (mem.op.) (citing *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex.1996)). Only the party whose primary legal right has been breached may seek redress for the injury. *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex.App.–Dallas 2005, no pet.). Without a breach of a legal right belonging to a specific party, that party has no standing to litigate. *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 669–70 (Tex.App.–Fort Worth 2001, pet. denied). Standing cannot be waived and can be raised for the first time on appeal. *Tex. Ass'n. of Bus.*, 852 S.W.2d at 444–45. When reviewing standing on appeal, we construe the petition in favor of the plaintiff and, if necessary, review the entire record to determine whether any evidence supports standing. *Id.* at 446. Whether a party has standing to bring a claim is a question of law reviewed de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

■ Mr. Day Rents is a limited liability company and, as such, is a legal entity separate from Boston, its sole member. *See Geis v. Colina Del Rio, L.P.*, 362 S.W.3d 100, 109 (Tex.App.–San Antonio 2011, pet. denied) (recognizing limited liability company as legally distinct from member). Boston, as a member of Mr. Day Rents, does not have an interest in any property of the company. *See* Tex. Bus. Orgs. Code Ann. § 101.106(b) (West 2012). "A member of a limited liability company lacks standing to assert claims individually where the cause of action belongs to the company." *Barrera v. Cherer*, No. 04-13-00612-CV, 2014 WL 1713522, at

*2 (Tex.App.–San Antonio April 30, 2014, no pet.) (mem.op.) (citing *Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex.1990)).

The evidence introduced during trial established that the checks allegedly converted by Sherman belonged to Mr. Day Rents. This evidence includes Boston's own testimony that Mr. Day Rents earned the payments by placing clients into apartments. Boston also testified that the checks at issue were payable to Mr. Day Rents, which was corroborated by copies of the checks introduced during the trial. Based on this evidence, the trial court found that the checks at issue had been "issued by the apartment complexes in the name of APARTMENT EXPRESS, LLC and/or MR. DAY RENTS." Boston therefore does not have standing to bring a common-law conversion action based on those checks.[3] We sustain Sherman's second issue, reverse the part of the judgment awarding damages to Boston, and dismiss Boston's conversion cause of action against Sherman for lack of standing.[4]

### III. The evidence is legally insufficient to support the judgment in favor of Mr. Day Rents.

In his fourth issue, Sherman argues that the conversion judgment in favor of Mr. Day Rents is not supported by legally sufficient evidence because Mr. Day Rents, a limited liability company, was not represented by a licensed attorney during the bench trial.[5] We agree.

"Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally." *Simmons, Jannace & Stagg, L.L.P. v. Buzbee Law Firm*, 324 S.W.3d 833, 833 (Tex.App.–Houston [14th Dist.] 2010, no pet.). Legal entities, such as a corporation or a limited liability company, generally may appear in a district or county court only through a licensed attorney. *See Kunstoplast of Am. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex.1996); *Apartment Express LLC v. Southchase North Apartments*, No. 14–15–00532–CV, 2015 WL 4930908, at *1, n. 1 (Tex.App.–Houston [14th Dist.] Aug. 18, 2015, no pet.) (mem.op.) (per curiam).

A legal entity that attempts to thwart this rule does so at its peril. *See Rabb Intern., Inc. v. SHL Thai Food Service, LLC*, 346 S.W.3d 208, 211 (Tex.App.–Houston [14th Dist.] 2011, no pet.) (citing *Dell Dev. Corp. v. Best Indus. Uniform Supply*, 743 S.W.2d 302, 303 (Tex.App.–Houston [14th Dist.] 1987, writ denied)). Although a non-attorney may perform certain ministerial tasks for a limited liability company, the presentation of a claim at trial is not a mere ministerial act. *See McClane v. New Caney Oaks Apartments*, 416 S.W.3d 115, 120 (Tex.App.–Beaumont 2013, no pet.) (citing *L'Arte De La Mode, Inc. v. Neiman Marcus Grp.*, 395 S.W.3d 291, 295 (Tex.App.–Dallas 2013, no pet.)). Allowing a non-attorney to present a company's claim would permit the unlicensed practice of law. *Id.* at 121. As a result, courts hold that a non-attorney represen-

---

3. Boston did not assert any conversion claims under any statute, including the Uniform Commercial Code. We do not address Boston's standing to bring a conversion claim under any statute, nor do we address the merits of Boston's common-law conversion claim.

4. Because we have reversed and dismissed Boston's conversion cause of action against

both Sherman and Find It, we need not reach appellants' third issue challenging the legal sufficiency of the evidence supporting the judgment in favor of Boston.

5. Because this is an appeal from a judgment following a bench trial, Sherman may raise his sufficiency complaint for the first time on appeal. Tex. R. App. P. 33.1(d).

tative cannot appear for a limited liability company or present a case on its behalf. *See L'Arte De La Mode, Inc.*, 395 S.W.3d at 295. An attempt to do so has no legal effect. *See McClane*, 416 S.W.3d at 121.

Mr. Day Rents was not represented by a licensed attorney during the trial. Instead, Boston attempted to present evidence supporting Mr. Day Rents' conversion claim against Sherman.[6] Because Boston is not an attorney, his presentation had no legal effect, thereby rendering the evidence legally insufficient to support a judgment in favor of Mr. Day Rents. *See McClane*, 416 S.W.3d at 121. We therefore sustain Sherman's fourth issue on appeal, reverse the judgment awarding damages to Mr. Day Rents, and render judgment that Mr. Day Rents take nothing from Sherman on its common-law conversion cause of action.

## CONCLUSION

Having sustained appellants' first issue, we reverse the judgment against Find It and render judgment dismissing appellees' claims against Find It for lack of personal jurisdiction. In addition, having sustained Sherman's second issue, we reverse the part of the judgment awarding Boston damages for conversion and render judgment dismissing Boston's conversion claim against Sherman for lack of standing. Finally, having sustained Sherman's fourth issue, we reverse and render a take-nothing judgment on Mr. Day Rents' conversion claim against Sherman.[7]

(Frost, C.J., joins Parts I and II of the Majority Opinion and dissents as to Part III.)

Kem Thompson Frost, Chief Justice, concurring and dissenting.

I join Parts I and II of the majority opinion, but I respectfully dissent to Part III.

After a three-day bench trial, the trial court rendered judgment in favor of a limited liability company on its conversion counterclaim. The plaintiff, a natural person represented by counsel, offered about half of the evidence admitted. There were no opening statements or closing arguments at trial. No one purported to submit documents to the trial court on behalf of the company during the trial, and no one presented arguments to the trial court in support of the company's claims. Though the company was not represented by an attorney at the time of trial, the trial court did not raise the issue during trial, nor did any party point out that the company needed to be represented by counsel or otherwise object to proceeding with trial under the circumstances.

Even though the evidence the plaintiff tendered may be sufficient to support the trial court's judgment in favor of the company, this court reverses and renders judgment that the company take nothing, concluding that the evidence is legally insufficient to support the trial court's judgment as to the conversion claim solely because the company was not represented

---

6. Sherman argues in his brief that Boston's evidence was the only evidence offered in support of Mr. Day Rents' conversion claim. In response, Boston points to no evidence presented by a licensed attorney for any party that is sufficient to support a conversion judgment for Mr. Day Rents, and our review of the record has revealed none.

7. In this appeal, appellants have not challenged the take-nothing judgment on Sherman's claims, nor have they challenged the trial court's order releasing the funds in the registry of the court. We therefore do not address what effect, if any, this opinion may have on that order.

by an attorney at trial.[1] Because no one raised this complaint in the trial court and because this complaint would not make the evidence legally insufficient, I respectfully dissent from this part of the majority opinion. Rather than resolve the fourth issue based upon the company's lack of legal representation at trial, this court should determine whether the evidence is legally sufficient based on all of the trial evidence under the applicable standard of review.

Appellant Edward J. Sherman argues that the trial evidence is legally insufficient to support the trial court's judgment in favor of appellee Apartment Express, LLC d/b/a Mr. Day Rents (hereinafter "Mr. Day Rents") on its conversion claim against Sherman. Sherman contends the evidence is legally insufficient because the only evidence offered in support of this claim at trial was offered by appellee Datril Boston, who is not an attorney, on behalf of Mr. Day Rents, a limited liability company that must be represented by an attorney. In the alternative, Sherman asserts the trial evidence is legally insufficient to support

findings in favor of Mr. Day Rents on its conversion claim, even considering the evidence offered by Boston.[2]

Mr. Day Rents is a corporate entity. The company can represent itself in justice court, but in all other Texas courts, Mr. Day Rents may appear only when represented by a licensed attorney.[3] When corporate entities break this rule, how should courts respond?

One approach would be to conclude that allowing such conduct is fundamental, jurisdictional error, rendering the proceedings void without the necessity of any complaint in the trial court.[4] Texas has not taken this approach. Instead, Texas law holds that actions taken purportedly on behalf of a corporate entity by a non-attorney are not void or fundamental error, though they are defective.[5] And, Texas courts hold that in some circumstances the trial court errs in not allowing the corporation a reasonable opportunity to remedy this defect by retaining an attorney to represent it in the litigation.[6]

1. Though all other parts of the majority opinion reflect that the majority concludes the evidence to support this conversion counterclaim is legally insufficient solely based upon the company's lack of legal representation at trial, footnote 6 suggests that perhaps the majority employs a different analysis—disregarding the evidence offered by the company's owner and then concluding that the rest of the trial evidence is legally insufficient under the applicable standard of review. *See ante* at 90–91, 95–96 & n. 6. If the majority bases its disposition of the fourth issue on the latter analysis, it still relies on the company's lack of legal representation at trial for an essential part of its reasoning, an improper course when the complaint was not preserved in the trial court.

2. The majority concludes that the evidence is legally insufficient because Mr. Day Rents was not represented by an attorney at trial, and therefore the majority does not address this alternative argument. *See ante* at 95–96.

3. *See* Tex. Govt. Code Ann. § 27.031(d) (allowing corporate entities to appear in justice court even though not represented by an attorney) (West, Westlaw through 2015 R.S.); *Rabb Intern., Inc. v. SHL Thai Food Service, LLC*, 346 S.W.3d 208, 209 (Tex.App.–Houston [14th Dist.] 2011, no pet.).

4. *See, e.g., Bennie v. Triangle Ranch Co.*, 216 P. 718, 718–19 (Co.1923) (holding that judgment in favor of plaintiff corporation was void and corporation's pleading would be dismissed because corporation was not represented by an attorney in the proceeding, even though this issue was not raised in the trial court by either the trial court or any party).

5. *See Rabb Intern., Inc.*, 346 S.W.3d at 209–10.

6. *See KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 896–99 (Tex.App.–Dallas 2003, no pet.).

It is against this backdrop, that this court must consider the impact of Sherman's failure to preserve error. Two important presumptions underlie the analysis. First, if a trial court errs by allowing a non-attorney to purportedly represent a corporate entity, the appellate court will ignore the actions of the non-attorney in determining the merits of the claims, though the non-attorney's actions may be effective for some purposes, such as to avoid a default judgment, perfect appeal, or extend the deadline to perfect appeal.[7] Second, if a trial court errs in allowing a non-attorney to offer evidence at trial purportedly on behalf of a corporate entity, the effect of this error is that the appellate court should ignore all such evidence. Even if ignoring the evidence is the effect of the error, today's case presents the issue of whether the error must be preserved in the trial court. Though the majority effectively says "no," the better view under Texas jurisprudence is that error preservation is required.

The Supreme Court of Texas has recognized the strong policy considerations supporting the preservation-of-error requirement.[8] A timely and specific complaint alerts the trial court and the adversary to the alleged error, giving both a chance to correct the problem and thereby avoid the need to raise the issue on appeal.[9] Requiring error preservation prevents unfairness, gives deference to the trial court, and encourages the proper administration of justice by having the parties and the trial court address the issues before they reach the court of appeals.[10] In this way, the error-preservation rule enhances efficiency, prevents unnecessary expense, and safeguards judicial resources.[11] It also discourages the gamesmanship that sometimes accompanies the exceptions to the error-preservation requirement.[12] For these and other reasons, as a general rule, Texas appellate courts will not review non-jurisdictional complaints raised for the first time on appeal.[13] Today, the majority creates an exception and reverses based on unpreserved error.

## Failure to Preserve Error

There are strong policy reasons for preventing the unauthorized practice of law.[14] One would expect that Texas trial courts would not allow a corporate entity to proceed to trial if the entity were not represented by an attorney.[15] Nonetheless, if a trial court does so, and if the effect of doing so is that none of the actions that the non-attorney takes will be effective as to the merits of the claims by and against the corporate entity, there is no reason the general preservation-of-error requirement should not apply.[16]

7. See Rabb Intern., Inc., 346 S.W.3d at 209–10.

8. See Mansions in the Forest, L.P. v. Montgomery County, 365 S.W.3d 314, 317 (Tex.2012) (per curiam).

9. See id.

10. See id.

11. See id.

12. See id.

13. See id.

14. See Rabb Intern., Inc., 346 S.W.3d at 209–11.

15. This statement would not apply to a case in a justice court. See Tex. Govt. Code Ann. § 27.031(d) (allowing corporate entities to appear in justice court even though not represented by an attorney).

16. See Mansions in the Forest, L.P., 365 S.W.3d at 316–18 (holding that no exception should be made to the normal preservation-of-error requirements for a complaint that a purported affiant was "no affidavit at all" because the signatory did not swear to the statements in the "affidavit"). If the actions

Because corporate self-representation is permitted in justice courts, owners of corporate entities, especially small-business owners, may be unaware that corporate entities must be represented by an attorney in all other courts.[17] If a trial court proceeds to trial with a corporate entity unrepresented by counsel without mentioning to the corporate entity the need for an attorney, the opposing parties should not be permitted to "lie behind the log," make no mention of this requirement, and then successfully argue for the first time on appeal that all actions on behalf of the corporate entity should be ignored.[18]

If the opposing parties timely object to the lack of counsel for the corporate entity, the entity generally will have an opportunity to obtain counsel. If the opposing parties object and the corporate entity states that it does not intend to retain counsel, then the trial court would err in proceeding to trial without an attorney for the corporate entity. If the opposing parties raise no objection and the trial court says nothing, it would be a waste of time, money, and judicial resources (as well as an endorsement of unfair gamesmanship) to reverse the trial court's judgment on

appeal based on this error, which is not fundamental and to which the opposing parties chose not to object in the trial court.[19] Therefore, to complain on appeal that Mr. Day Rents is a limited liability company that was not represented by an attorney at the bench trial, Sherman must have preserved error in the trial court.[20] He did not.

Though Sherman may complain for the first time on appeal that the evidence is legally insufficient to support the trial court's judgment following a bench trial, a complaint that a corporate entity was not represented at trial by an attorney is not itself a legal-insufficiency complaint, even though, if meritorious, this complaint might mean that the evidence offered by the corporate entity at trial should be ignored in determining the merits of the case.[21]

The trial court did not inform Mr. Day Rents that it could not proceed to trial unless it retained an attorney. The trial court did not refuse to proceed with trial because Mr. Day Rents did not have counsel. Nor did the trial court dismiss Mr. Day Rents's claims for this reason. The trial court proceeded to trial, found in

---

that the non-attorney takes could be effective as to the merits of the claims by and against the corporate entity, then there would be even stronger reasons for the application of the preservation-of-error requirement.

17. *See* Tex. Govt. Code Ann. § 27.031(d); *Rabb Intern., Inc.*, 346 S.W.3d at 209–10.

18. *See Haggard v. Div. of Emp't Sec.*, 238 S.W.3d 151, 155–56 (Mo.2007) (holding that error in allowing entity to be represented by non-attorney was waived by failure to object); *Casework, Inc. v. Hardwood Assocs., Inc.*, 466 S.W.3d 622, 627–28 (Mo.Ct.App.2015) (stating that allowing a non-lawyer to ostensibly act on behalf of corporate entity is not fundamental error but may be error if objected to in a timely manner).

19. *See Mansions in the Forest, L.P.*, 365 S.W.3d at 316–18; *Haggard*, 238 S.W.3d at 155–56; *Casework, Inc.*, 466 S.W.3d at 627–28.

20. *See* Tex. R. App. P. 33.1(a); *Mansions in the Forest, L.P.*, 365 S.W.3d at 316–18; *Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 110, 122 (Tex.App.–Houston [14th Dist.] 2013, pet. denied); *Haggard*, 238 S.W.3d at 155–56; *Casework, Inc.*, 466 S.W.3d at 627–28.

21. *See* Tex. R. App. P. 33.1(d). In the unlikely event that the failure to be represented by an attorney meant that the corporate entity automatically lost on the merits as to claims in the case, this error still would not be equivalent to the legal insufficiency of the evidence, and the reasons for requiring error preservation would be even stronger.

favor of Mr. Day Rents on its conversion claim against Sherman, and rendered judgment in Mr. Day Rents's favor on this claim. In this context, for this court to sustain Sherman's challenge to the judgment based on the failure of Mr. Day Rents to be represented by an attorney at trial, Sherman must have voiced this complaint in the trial court.[22] Because Sherman failed to do so, this court should not reverse the trial court's judgment based on this error.[23]

### Improper Legal–Sufficiency Analysis

Even if Sherman had preserved error in the trial court or if error preservation were not required, Mr. Day Rents's lack of legal representation at trial does not mean that the trial evidence is legally insufficient to support the trial court's judgment on Mr. Day Rents's conversion claim. At most, Mr. Day Rents's lack of representation by an attorney would mean that this court would disregard the evidence offered by Mr. Day Rents at trial and the arguments and actions of its purported representative at trial. There were no opening statements or closing arguments, no documents allegedly filed on behalf of the company during trial, and no arguments presented to the trial court in support of Mr. Day Rents's claims. Boston offered evidence, cross-examined witnesses, and objected to evidence, but he did it all in his individual capacity. It does not appear that Boston did anything on behalf of Mr. Day Rents.

Even presuming that Boston, who is not an attorney, improperly sought to act on behalf of Mr. Day Rents, at most, it would entitle Sherman to have this court ignore the evidence offered by Boston for the purposes of determining whether the evidence is legally sufficient to support the trial court's judgment on Mr. Day Rents's conversion claim against Sherman.[24] Ignoring Boston's evidence does not mandate the conclusion that the evidence is legally insufficient.[25]

Sherman offered testimonial and documentary evidence that makes up about half of the evidence admitted at trial. There is no rule requiring the trial court's judgment to be supported by evidence offered by a prevailing party in the trial court.[26] If, under the applicable standard of review, the evidence Sherman offered is legally sufficient to support the trial court's judgment on Mr. Day Rents's conversion claim, this court could and should conclude that the evidence is legally sufficient, without any reliance upon evidence offered by Boston or Mr. Day Rents.

In his first argument, Sherman asserts that the trial evidence is legally insufficient to support the trial court's judgment in Mr. Day Rents's favor on its conversion claim because the only evidence offered at

**22.** *See* Tex. R. App. P. 33.1(a); *Mansions in the Forest, L.P.*, 365 S.W.3d at 316–18; *Grace Interest, LLC*, 431 S.W.3d at 122; *Haggard*, 238 S.W.3d at 155–56; *Casework, Inc.*, 466 S.W.3d at 627–28.

**23.** *See* Tex. R. App. P. 33.1(a); *Mansions in the Forest, L.P.*, 365 S.W.3d at 316–18; *Grace Interest, LLC*, 431 S.W.3d at 122; *Haggard*, 238 S.W.3d at 155–56; *Casework, Inc.*, 466 S.W.3d at 627–28.

**24.** *See McClane v. New Caney Oaks Apartments*, 416 S.W.3d 115, 121 (Tex.App.–Beaumont 2013, no pet.) (ignoring testimony offered by non-attorney on behalf of corporate entity not represented by counsel for purposes of legal sufficiency analysis).

**25.** *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005) (stating that evidence supporting a verdict cannot be identified by which party offered it and that in determining the legal sufficiency of the evidence courts must eventually consider all of the trial evidence).

**26.** *See id.*

trial in support of this claim was submitted by Boston, who is not an attorney. In this argument, Sherman does not assert that Mr. Day Rents's lack of legal representation means that in determining the legal sufficiency of the evidence, this court must ignore the trial evidence Sherman offered. Rather, Sherman's argument appears to be based on the incorrect premise that only evidence offered in support of a claim may be legally sufficient to support recovery under that claim.[27] The premise is incorrect because evidence offered in opposition to a claim may nonetheless be legally sufficient to support recovery under that claim; thus, courts consider all trial evidence in determining the sufficiency of the evidence.[28] Sherman's first argument fails for this reason alone.

This court should address Sherman's second argument—that the trial evidence is legally insufficient to support findings in favor of Mr. Day Rents on its conversion claim, considering all the trial evidence. Instead, the majority concludes that because Boston improperly sought to act on behalf of Mr. Day Rents, this court must ignore the evidence Boston offered and, on this basis alone, deem the evidence legally insufficient to support findings in Mr. Day Rents's favor on the company's conversion claim.[29] Ignoring the evidence Boston offered does not make the evidence Sherman offered legally insufficient.[30]

Sherman and the majority rely upon the Ninth Court of Appeals's opinion in *McClane v. New Caney Oaks Apartments.*[31] But, *McClane* is not on point because in that case the only evidence offered at trial by any party was offered by a non-attorney purportedly on behalf of a corporate entity.[32] The *McClane* court concluded that it should disregard this evidence and that, on the record before the court, the evidence was legally insufficient to support the trial court's judgment.[33] Because our record contains other evidence (not just evidence offered by a non-attorney) that may be sufficient to support the trial court's judgment on the conversion claim, Mr. Day Rents's lack of legal representation at trial does not mean that the trial evidence is legally insufficient to support the judgment.[34]

## Conclusion

Sherman did not have to preserve error in the trial court to argue on appeal that

---

**27.** *See id.*

**28.** *See id.*

**29.** *See id.* In footnote 6 of its opinion, the majority notes Sherman's assertion that the only evidence offered in support of Mr. Day Rents's conversion claim was submitted by Boston. This assertion by Sherman is not the same as an assertion that Boston offered the only evidence that might be legally sufficient to support the conversion claim. *See id.* The majority then states that Boston has not cited and the majority has not found any evidence presented by a licensed attorney that is sufficient to support a conversion judgment for Mr. Day Rents. *See ante* at 95–96, n. 6. This statement suggests the majority may be disregarding the evidence Boston offered and then concluding that the rest of the trial evidence is legally insufficient under the applicable standard of review, an analysis that conflicts with the analysis articulated in the rest of the majority opinion. *See ante* at 90–91, 95–96 & n. 6. If the majority bases its disposition of the fourth issue on the former analysis (suggested in footnote 6), the majority still relies on Mr. Day Rents's lack of legal representation at trial for an essential part of its analysis without any preservation of error in the trial court.

**30.** *See City of Keller,* 168 S.W.3d at 827.

**31.** *See McClane,* 416 S.W.3d at 121.

**32.** *See id.* at 117.

**33.** *See id.* at 121.

**34.** *See City of Keller,* 168 S.W.3d at 827.

the trial evidence is legally insufficient to support the trial court's judgment against him on Mr. Day Rents's counterclaim. But, Sherman had to preserve error on his complaint that Mr. Day Rents was not represented by an attorney at trial. Because Sherman did not voice his lack-of-attorney-representation complaint in the trial court, this court should determine Sherman's legal-insufficiency complaint based upon all the evidence admitted at trial. In any event, even if error-preservation were not required on this point, Mr. Day Rents's lack of attorney representation at trial does not mean that the trial evidence is legally insufficient to support the judgment.

For these reasons, I respectfully dissent as to Part III of the majority opinion.