

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00263-CR

**EX PARTE** Harrison L. **BYARS**

Original Proceeding[1]

PER CURIAM

Sitting:  Rebeca C. Martinez, Chief Justice
Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice

Delivered and Filed: May 7, 2025

DISMISSED FOR WANT OF JURISDICTION

On April 28, 2025, Petitioner, Falesha Roberts, filed a petition for writ of habeas corpus on behalf of Applicant, Harrison L. Byars. Byars was arrested on February 21, 2025 and, as of the date of the petition's filing, had allegedly not been provided counsel or formally indicted. In addition to habeas relief, petitioner seeks relief in the nature of mandamus. This court lacks jurisdiction to consider the petition for habeas corpus and petitioner lacks authority to raise non-habeas claims on Byars's behalf. Though addressed to the Texas Supreme Court, the petition was filed in this Court and the jurisdictional deficiencies are identical in both courts. Accordingly, we dismiss the petition for lack of jurisdiction.

Original jurisdiction over criminal habeas corpus applications lies exclusively with the court of criminal appeals, the district courts, county courts, and judges sitting on such courts.

---

[1] This proceeding arises out of the detention of Harrison Lyle Byars in Webb County, Texas, pursuant to warrant nos. 2024011417 and 2024011419.

TEX. CODE CRIM. PROC. ANN. art. 11.05 ("The court of criminal appeals, the district courts, the county courts, or any judge of those courts may issue the writ of habeas corpus"). Like the Texas Supreme Court, this Court's jurisdiction to consider original habeas petitions is civil only. TEX. GOV'T CODE ANN. § 22.221(d) ("Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case."); TEX. GOV'T CODE ANN. § 22.002(e) ("The supreme court or a justice of the supreme court, either in termtime or vacation, may issue a writ of habeas corpus when a person is restrained in his liberty by virtue of an order, process, or commitment issued by a court or judge on account of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case."); *In re Neal*, 653 S.W.3d 346, 346 (Tex. App.—Dallas 2022, orig. proceeding); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding). Thus, neither this court nor the Texas Supreme Court has jurisdiction to consider the criminal habeas corpus application.

Petitioner also seeks relief in the style of mandamus. Petitioner is not licensed as an attorney. Though Petitioner is expressly authorized to file an application for writ of habeas corpus on behalf of Applicant, she is expressly prohibited from seeking any other relief on his behalf. *See* TEX. CODE CRIM. PRO. ANN. ART. 11.12; *see also* TEX. GOV'T CODE ANN. § 81.102. Texas courts do not recognize the appearances or actions of non-attorney representatives on behalf of third parties except in specifically delineated circumstances. *See e.g. Sherman v. Boston*, 486 S.W.3d 88, 95–96 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("As a result, courts hold that a non-attorney representative cannot appear for a limited liability

company or present a case on its behalf. An attempt to do so has no legal effect.") (citing *L'Arte De La Mode, Inc. v. Neiman Marcus Group,* 395 S.W.3d 291, 295 (Tex. App.—Dallas 2013, no pet.)). This Court will not recognize or consider the non-habeas components of Petitioner's filing.

This Court, having considered the petition, the record, and applicable law, concludes that we lack jurisdiction to issue the requested relief. *See* Tex. Gov't Code Ann. § 22.221(d). Accordingly, we dismiss this original proceeding for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH