**Affirmed and Memorandum Opinion filed August 6, 2019.**



**In the**

# Fourteenth Court of Appeals

---

### NO. 14-17-00737-CV

---

## ALTECH CONTROLS CORPORATION AND RICHARD ALSENZ, Appellants

**v.**

## PAUL MALONE, Appellee

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 07-DCV-160856**

---

### MEMORANDUM OPINION

This appeal arises from a final judgment rendered after a jury verdict in favor of appellee Paul Malone on breach-of-contract and fraud claims. Appellants Altech Controls Corporation and Richard Alsenz present six issues: (1) whether the trial court should have rendered judgment in favor of Altech Controls and Alsenz on Malone's breach-of-contract claims because a contract was not formed as a matter of law and Malone did not submit a jury question on contract formation;

(2) whether, in the alternative, a new trial must be had on Malone's breach-of-contract claims; (3) whether Malone's fraud claim against Alsenz fails as a matter of law under the *Formosa Plastics* line of authority; (4) whether Malone had standing to bring claims against Alsenz when the claims were not disclosed, or were abandoned, in Malone's personal bankruptcy; (5) whether a new trial is necessary because the trial court struck Altech Controls's counterclaims; and (6) whether a new trial is necessary because the trial court granted a directed verdict on Alsenz's claims for breach of a fiduciary duty.

We overrule the first and second issues because there is a deemed finding on contract formation and evidence supports the existence of a contract; consequently, we do not disturb the trial court's final judgment with respect to Malone's breach-of-contract claims. Because the damages awarded on Malone's breach-of-contract and fraud claims were the same, we do not address Alsenz's third issue that pertains to Malone's fraud claim. *See* Tex. R. Civ. P. 47.1. Altech Controls and Alsenz withdraw their fourth issue in their reply brief.[1] We overrule the fifth issue because we conclude Altech Controls's counterclaims could not have been presented at trial when no attorney appeared for Altech Controls. We overrule the sixth issue because Alsenz presented no evidence that Malone injured him or benefitted from any breach of fiduciary duty Malone owed to Alsenz.

We affirm the trial court's judgment as appealed.

## I. BACKGROUND

Alsenz is the founder and Chief Executive Officer of Altech Controls, a company that develops, manufactures, and markets technology for supermarket refrigeration systems. Malone is a psychologist by training.

---

[1] Based upon our independent review of the record, Malone had standing to bring his claims.

Alsenz finds it difficult to relate to people. In the early 1990s, his company was having trouble with high employee turnover and employee conflicts. A student who had worked with Malone referred Alsenz to Malone to learn about managing people. Alsenz worked with Malone for several years. Alsenz also had Malone come to Altech Controls to teach the company's employees about teambuilding. In 1995, Alsenz asked Malone to come to work full-time for Altech Controls to serve as general manager with an emphasis on developing a company vision. Malone initially declined but Alsenz persisted, and Malone ultimately agreed to take on the role. Malone's starting annual salary was set at $150,000, with 70% paid in cash and 30% set aside for investment in stock.

Over time, Altech Controls's business declined, and as a result, Malone deferred a significant portion of his salary. Because of the company's financial difficulties, Malone also charged thousands of dollars in company expenses to his corporate and personal credit cards. In addition, because no stock option plan existed during Malone's employment, Malone did not purchase or receive any stock options with the portion of his salary that was set aside for this purpose. Malone did not receive other compensation in lieu of stock.

In 2006, Malone decided to leave Altech Controls. Malone met with Alsenz, an attorney, and an Altech Controls accountant in the attorney's office. At the conclusion of the meeting, Malone and Alsenz signed a brief agreement; in its entirety, the agreement is as follows:

AGREEMENT RE: ALTECH TECHNOLOGY INC.

1.  Ownership of company, Alsenz 70%, Malone 25%, other 5%
2.  Above accounts for all amounts owed to May 1, 2004
3.  Deferred salaries for Malone from that point to June 1, 2006 estimated at $234,000.

    Deferred salaries and Royalty for Alsenz estimated at $95,000 for

same period. Above accure [sic] interest from date incurred at same rate at [sic] bank rate and subject to audit.

4. Company obligated on Malone and Alsenz credit cards used for legitimate company use.

5. Company will give Malone note for deferred salary from May 1, 2004 to date plus any future deferred salary.

6. Malone will receive ½ salary and agrees to stay at least through July, 2006. Unpaid salary added to note balance. Once he leaves Malone will be paid at least $4,000 per month on note.

7. Company will receive assignment of all Malone stock if note plus $408,545 with interest paid not later than 6/01/08. If not, Malone keeps stock and Company obligated on note.

[/s/Richard Alsenz]                          [/s/Paul Malone]

Richard Alsenz                               Paul Malone

June 1, 2006

Although the title of the agreement referenced "Altech Technology Inc.", it was not clear why this reference was included. Altech Technology was not in existence at the time of the agreement (and ultimately never formed), and the substance of agreement addressed obligations of Altech Controls.

To fulfill his promise in the agreement, Malone stayed at Altech Controls through the end of July 2006. Neither Altech Controls nor Alsenz acted in accordance with the agreement.

Malone sued Altech Controls and Alsenz for breach of contract and fraud in 2007. In 2010, Altech Controls and Alsenz filed an amended answer and asserted counterclaims against Malone for breach of fiduciary duty and fraud. Alsenz alleged Malone mismanaged Altech Controls, hired and paid his son without authority, transferred large sums of money to other parties without authority, failed to disclose an unauthorized diversion of Altech Controls's assets, failed to disclose the "resulting effects" on Altech Controls's financial condition, misrepresented

4

Altech Controls's financial condition, and refused to allow inspection of Altech Controls's books and records.

Before trial, Malone filed a motion to strike and dismiss Altech Controls's counterclaims. In a pretrial hearing, the trial court granted the motion. In 2017, when the case was called to trial, no attorney appeared on behalf of Alsenz or Altech Controls.[2] Alsenz represented himself throughout trial.

At the close of the evidence, the trial court granted a motion for directed verdict on Alsenz's counterclaim for breach of fiduciary duty. The jury returned a verdict favorable to Malone and against Altech Controls and Alsenz. The jury found that Altech Controls and Alsenz failed to comply with the agreement and Alsenz committed fraud against Malone. The amount of actual damages the jury found Malone sustained as the result of the breach of contract was the same as the amount of actual damages the jury found Malone sustained as the result of Alsenz's fraud.[3] The jury found Malone did not commit fraud against Alsenz. The trial court rendered judgment on the jury's verdict.

Altech Controls and Alsenz filed post-judgment motions, which were denied on September 25, 2017. Altech Controls and Alsenz appealed.

---

[2] The final judgment recites, "Altech Controls Corporation appeared pro se." While corporations cannot appear pro se, and one would expect that the trial court would have rendered a default judgment against Altech Controls for not appearing, that did not happen. As this does not appear to be fundamental error and error was otherwise waived as to Altech Controls's "pro se appearance," we review the judgment as rendered in light of the arguments properly raised at trial and on appeal. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996).

[3] The jury was not asked to determine, and did not award, exemplary damages.

## II. ANALYSIS

## A. Breach of contract

In their first and second issues, Altech Controls and Alsenz attack Malone's breach-of-contact claims. In their first issue, they contend the trial court erred and judgment should be rendered in their favor with respect to Malone's breach-of-contract claims because (a) no contract formed between Malone and either Alsenz or Altech Controls and (b) Malone did not submit a jury question on contract formation. In their second issue, they alternatively assert a new trial must be had on Malone's breach-of-contract claims.[4]

### 1. The jury charge included a deemed finding on contract formation.

First, we address the argument that Malone did not submit a jury question on contract formation. Altech Controls and Alsenz assert that it was Malone's burden to obtain a fact-finding on this essential element of contract formation, and he failed to do so.

When an element of a claim is omitted from the jury charge without any request that the element be included or objection to the element's omission, the element is deemed found by the court to support the judgment so long as factually sufficient evidence exists to support the finding. Tex. R. Civ. P. 279. Texas Rule of Civil Procedure 279 provides in pertinent part:

> When a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, and there is

---

[4] Although Altech Controls and Alsenz characterize this argument as a second issue, it is based on the same grounds as those raised in support of their first issue. We address these issues together.

factually sufficient evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted element or elements in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by the court in such manner as to support the judgment. A claim that the evidence was legally or factually insufficient to warrant the submission of any question may be made for the first time after verdict, regardless of whether the submission of such question was requested by the complainant.

In this case, the jury charge did not include a threshold question on contract formation. Instead, Question 1 assumed the existence of a contract, asking, "Did Defendants fail to comply with the Agreement?"[5] The trial court defined the "Agreement" as an agreement between Altech Controls, Alsenz, and Malone. Specifically, the charge stated: "All references to the Agreement refer to the Agreement dated June 1, 2006 between Altech Controls Corporation, Richard Alsenz and Paul Malone, and signed by Richard Alsenz and Paul Malone."

Alsenz and Altech Controls's appellate arguments do not challenge the trial court's definition of Agreement in the charge. Neither Altech Controls nor Alsenz objected to this definition as an improper finding on contract formation. Neither Altech Controls nor Alsenz tendered a requested jury-charge question asking whether a contract formed. Nor did they object to the absence of a threshold question asking the jury to determine whether a contract formed.

Alsenz points out that he did object to the definition of Agreement in the charge. However, his objection did not apprise the trial court of his objection to the absence of a question on contract formation. *See Burbage v. Burbage*, 447 S.W.3d 249, 257 (Tex. 2014) ("[T]he objection must apprise the trial court of the error

---

[5] Alsenz and Altech Controls's appellate arguments do not challenge the sufficiency of the evidence underlying the jury's "Yes" answer to Question 1.

7

alleged such that the court has the opportunity to correct the problem."). In response to the definition of Agreement in the charge, Alsenz objected that the term "Altech" had been used as an "indefinite pronoun" throughout trial and the jury would be confused by the indefinite meaning. This objection did not inform the trial court of any issue regarding contract formation. *See id.* Therefore, the threshold finding on contract formation necessary for recovery is deemed to have been made under Texas Rule of Civil Procedure 279 so long as factually-sufficient evidence supports the deemed finding. Tex. R. Civ. P. 279; *see Cho v. Kim*, 572 S.W.3d 783, 794 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (threshold finding of plaintiff's fiduciary duty deemed to have been made consistent with jury's verdict when existence of fiduciary duty was omitted from charge without objection or tender). *Republic Petroleum LLC v. Dynamic Offshore Res. NS LLC*, 474 S.W.3d 424, 432 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (threshold finding of plaintiff's capacity to recover damages on behalf of working interest owners deemed to have been made consistent with jury's verdict when capacity issue was omitted from charge without objection or tender).

Our analysis below demonstrates that factually-sufficient evidence supports the deemed finding.

## 2. Evidence supports the existence of a contract.

Altech Controls and Alsenz argue that no contract formed as a matter of law. In support of their contention that no contract formed between Malone and either Altech Controls or Alsenz, they assert that the terms of the document are not precise, and rather than a contract, the document appears to be a memorandum of understanding concerning a future contract, not a final contract. These arguments are largely premised on Altech Controls and Alsenz's contention that the 2006 document was an agreement with and/or relating to Altech Technology, not Altech

Controls or Alsenz.

To be enforceable, a contract must address all of its essential and material terms with "a reasonable degree of certainty and definiteness." *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016) (quoting *Pace Corp. v. Jackson*, 284 S.W.2d 340, 345 (Tex. 1955)). "[A] contract must at least be sufficiently definite to confirm that both parties actually intended to be contractually bound." *Fischer*, 479 S.W.3d at 237 (citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000)). Even when intent is clear, the agreement's terms must also be sufficiently definite to enable a court to understand the parties' obligations and give an appropriate remedy for a breach. *Fischer*, 479 S.W.3d at 237.

"However, a contract need only be definite and certain as to those terms that are 'material and essential' to the parties' agreement." *Id.* (citing *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992), and *Radford v. McNeny*, 104 S.W.2d 472, 475 (Tex. 1937)). "[M]aterial and essential terms are those that parties would reasonably regard as 'vitally important ingredient[s]' of their bargain." *Fischer*, 479 S.W.3d at 237. The material terms of a contract are determined on a case-by-case basis, with each contract considered separately. *Id.* (citing *McCalla v. Baker's Campground, Inc.*, 416 S.W.3d 416, 418 (Tex. 2013), and *T.O. Stanley*, 847 S.W.2d at 221).

Whether a contract is ambiguous is a question of law for the court to decide by examining the agreement as a whole in light of the circumstances present when the contract was entered. *Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 205 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A contract is ambiguous if it is susceptible of more than one reasonable interpretation. *Id.* The fact that the parties disagree about a contract's meaning does

not necessarily show that it is ambiguous. *Id.* In addition, parol evidence is not admissible for the purpose of creating an ambiguity. *Zurich Am. Ins. Co. v. Hunt Petrol. (AEC), Inc.*, 157 S.W.3d 462, 465 (Tex. App.—Houston [14th Dist.] 2004, no pet.). A court may, however, conclude that a contract is ambiguous even though the parties did not plead ambiguity or argue on appeal that it is ambiguous. *See Lane-Valente Indus. (Nat'l), Inc.*, 468 S.W.3d at 205; *see also Phil Watkins, P.C. v. Krist Law Firm, P.C.*, No. 14-02-00291-CV, 2003 WL 21786173, at *3 (Tex. App.—Houston [14th Dist.] Aug. 5, 2003, pet. dism'd) (mem. op.) (stating that agreement between parties that contract at issue was not ambiguous does not prevent appellate court from concluding that it is ambiguous).

Contract ambiguity can be divided into two categories: patent or latent. *URI, Inc. v. Kleberg Cty.*, 543 S.W.3d 755, 765 (Tex. 2018). A patent ambiguity is evident on the face of the contract, while a latent ambiguity occurs when a contract, unambiguous on its face, is applied to the subject matter, and the ambiguity appears by reason of a collateral matter. *Id.* Parol evidence is not admissible to reveal a latent ambiguity, it must instead be revealed when the contract is read in context of the surrounding circumstances. *Id.*

Considering the circumstances present when the contract was entered, our review of the agreement reveals ambiguity on the face of the agreement. The 2006 contract clearly sets out obligations for "company." For example, the agreement states: "[c]ompany obligated on Malone and Alsenz credit cards uses for legitimate company use" and "[c]ompany will give Malone noted for deferred salary." However, the agreement fails to define "company." The only company mentioned in the document, Altech Technology, is identified in the title of the document, "AGREEMENT RE: ALTECH TECHNOLOGY INC." And as Altech Controls and Alsenz point out, Altech Technology did not exist at the time the agreement

10

was signed. Because a company that does not exist does not require the use of credit cards or defer salary, the agreement is patently ambiguous.

The trial court did not expressly hold the term "company" was ambiguous, but admitted parol evidence at trial without objection regarding the meaning of the term "company" and the parties to the agreement. The evidence showed that the agreement was between Malone, Altech Controls and Alsenz. Malone testified that the agreement was with Altech Controls and Alsenz, not Altech Technology, and Malone explained that the "credit cards used" had been used to benefit Altech Controls and salary deferred was salary he was owed from Altech Controls. During Alsenz's testimony, he did not dispute that Malone used company and personal credit cards to benefit Altech Controls. He did not dispute that Altech Controls owed Malone deferred salary. Nor did he affirmatively testify that the agreement was a contract with Altech Technology rather than with Altech Controls and himself. Instead, Alsenz conceded that he signed the agreement, but testified that the Agreement was not a contract:

> [Malone] isn't owed any money in this document. This is not a contract. It was not signed as a contract. It was signed when I was with 105 degree fever and I wasn't going any further with it. I left the office and [my lawyer] said if he's fixed the books, there's fraud and there's no contract.

Consequently, we are not persuaded by the arguments of Altech Controls and Alsenz that no contract formed among the parties as a matter of law because the agreement at issue is a contract with Altech Technology or is a memorandum of understanding concerning a future contract. Moreover, this evidence is factually-sufficient to support the deemed finding that a contract formed between Altech Controls, Alsenz, and Malone.

Altech Controls and Alsenz also argue that Alsenz was not a party to the

11

agreement because none of the clauses of the agreement mentions him and Altech Controls was not a party to the agreement because it did not sign the document. We are likewise unpersuaded by these arguments. The clauses of the agreement need not mention Alsenz to bind him to the contract. "[A]n agent who signs a contract on behalf of an undisclosed principal is liable on the contract." *Latch v. Gratty, Inc.*, 107 S.W.3d 543, 546 (Tex. 2003). In addition, an undisclosed principal may also be liable on the contract if the agent, acting with authority, was intending to act on behalf of the principal. *Id.* Alsenz signed the agreement without indicating that he was signing in a representative capacity, and Altech Controls and Alsenz take the position that Alsenz was not intending to act on behalf of Altech Controls ("Altech Controls did not sign the document."). At the same time, Alsenz was the Chief Executive Officer of Altech Controls and the evidence shows that the obligations stated in the contract are obligations of Altech Controls. As such, the jury could have reasonably inferred that Alsenz signed the agreement on behalf of Altech Controls.

Moreover, we must review legal sufficiency of the evidence considering the jury charge as given. *See, e.g.*, *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000) ("[I]t is the court's charge, not some other unidentified law, that measures the sufficiency of the evidence when, as here, there was no objection to the relevant portion of the charge."). The charge as given defined the agreement as an Agreement between Altech Controls, Alsenz and Malone. Consequently, we cannot conclude that Altech Controls and Alsenz have shown as a matter of law that either Altech Controls or Alsenz was not party to the agreement.

Altech Controls and Alsenz also argue that the contract is unenforceable as indefinite because the "deferred salaries" referenced in the agreement are "estimated" and the terms of the note are not included. However, they do not

12

explain how these terms are material or how any lack of clarity in this regard makes their obligations so indefinite that a court cannot determine the parties' legal obligations. There is no dispute among the parties concerning the amounts of deferred salaries. There is no dispute among the parties regarding any unspecified terms of the note. Moreover, the agreement does specify terms of the note: the amount of the note (deferred salary from May 1, 2004 to date plus any future deferred salary); timing for payment of the note (after Malone leaves, he will be paid $4000 minimum per month on the note); and effect of full payment ("[c]ompany will receive assignment of all Malone stock if note plus $408,545 with interest is paid not later than 6/01/08"). Therefore, we reject the arguments that the agreement is unenforceable as indefinite on these grounds.

We overrule Altech Controls's and Alsenz's first issue that Malone's breach-of-contract claims fail as a matter of law and judgment should be rendered in their favor. Altech Controls and Alsenz argue in the alternative that there is "a question of fact whether the terms of the written document were intended to be the final expression of the contract or were merely preliminary negotiations reduced to writing" and a new trial must be had on Malone's breach-of-contract claims. However, as discussed above, a deemed finding settled any question of fact on that issue, and as a result, no new trial is necessary. We overrule Altech Controls's and Alsenz's second issue that a new trial should be had on Malone's breach-of-contract claims.

## B.     Counterclaims

In the fifth issue, Altech Controls asserts the trial court erred by striking its counterclaims. Altech Controls asserts that if its affirmative defenses and counterclaims had not been stricken, a question on one of its counterclaims, breach of fiduciary duty, would have been included in the charge. Altech Controls also

argues that the trial court's dismissal of its counterclaims amounted to a death-penalty sanction.

Legal entities, such as corporations or limited liability companies, generally may appear in a district or county court only through a licensed attorney. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996); *Sherman v. Boston*, 486 S.W.3d 88, 95 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). A legal entity that attempts to thwart this rule does so at its peril. *Sherman*, 486 S.W.3d at 95 (citing *Rabb Intern., Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 211 (Tex. App.—Houston [14th Dist.] 2011, no pet.)). Although a non-attorney may perform certain ministerial tasks for a limited liability company, the presentation of a claim at trial is not a mere ministerial act. *Sherman*, 486 S.W.3d at 95 (citing *McClane v. New Caney Oaks Apts.*, 416 S.W.3d 115, 120 (Tex. App.—Beaumont 2013, no pet.)). A non-attorney's attempt to appear for a corporation or present a case on its behalf has no legal effect. *Sherman*, 486 S.W.3d at 95–96; *see Felt v. Comerica Bank*, 401 S.W.3d 802, 807 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Altech Controls was not represented by a licensed attorney at trial, and in its opening brief, Altech Controls acknowledges that Alsenz did not represent Altech Controls at trial. Nonetheless, Altech Controls argues that its counterclaims should have been submitted to the jury. Citing only *Kunstoplast* as authority, Altech Controls argues that the trial court struck Altech Controls's counterclaims based on erroneous legal arguments (which Altech Controls does not identify). Altech Controls asserts it had viable counterclaims against Malone because Alsenz presented evidence supporting Altech Controls's counterclaims without objection. *Kunstoplast* (which holds non-attorneys may perform ministerial tasks) does not support Altech Controls's argument. Because Alsenz is not an attorney, his

14

presentation had no legal effect as to Altech Controls. *See Sherman*, 486 S.W.3d at 95; *Felt*, 401 S.W.3d at 807. Altech Controls's counterclaims could not have been submitted to the jury because no attorney represented Altech Controls. *See Sherman*, 486 S.W.3d at 95; *Felt*, 401 S.W.3d at 807.

We also reject Altech Controls's characterization of the dismissal of its counterclaims as a death-penalty sanction. Malone's motion to strike and dismiss Altech Controls's counterclaims did not request the dismissal as a sanction, and at no point during the discussion of the motion did the parties or the trial court reference sanctions. We therefore overrule this issue.

## C.     Breach of fiduciary duty

In the sixth issue, Alsenz argues the trial court erred by granting a directed verdict on Alsenz's claims for breach of fiduciary duty.

A court may direct a verdict if no evidence of probative force raises a fact issue on the material questions presented. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). "A trial court properly directs a verdict when a plaintiff fails to present evidence raising a fact issue essential to its right of recovery or the evidence conclusively establishes the movant's right to judgment as a matter of law." *Kelley v. Aldine Indep. Sch. Dist.*, No. 14-15-00899-CV, 2017 WL 421980, at *2 (Tex. App.—Houston [14th Dist.] Jan. 31, 2017, pet. denied) (mem. op.) (citing *Gomer v. Davis*, 419 S.W.3d 470, 475 (Tex. App.—Houston [1st Dist.] 2013, no pet.)). "In reviewing a directed verdict, we analyze the legal sufficiency of the evidence; we must determine if there is any conflicting evidence of probative value that raises a material fact issue." *Id.* We consider the evidence in the light most favorable to the party against whom the verdict was directed, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Robertson v. Odom*, 296

15

S.W.3d 151, 155 (Tex. App.—Houston [14th Dist.] 2009, no pet.). We must affirm the directed verdict if the record establishes any ground that entitles the movant to judgment, even if it was not raised in the motion or in the court's order. *Elloway v. Pate*, 238 S.W.3d 882, 889 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

To prove an action for breach of fiduciary duty, the plaintiff must establish the following elements: (1) a fiduciary relationship existed between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant. *See Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 661 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

We need not determine whether Malone owed a fiduciary duty to Alsenz, because Alsenz produced no evidence that Malone injured him or benefitted from any breach of a fiduciary duty to Alsenz. The injuries Alsenz alleged in support of his counterclaim for breach of fiduciary duty were injuries to Altech Controls, not Alsenz individually. In his first amended answer and counterclaim, Alsenz alleged, "[a]s a result of Plaintiff's mismanagement and the unauthorized transfer of substantial sums of Altech's money to RTP Controls, Mark Lane, and the Plaintiff's son, the company's finances were left in shambles and Defendants were deprived of the profits which would have been made but for the mismanagement of the Plaintiff." To the extent Alsenz presented evidence of such injuries, the evidence was of injuries to Altech Controls, not Alsenz individually. Any injury Alsenz may have suffered in his capacity as an owner or shareholder of Altech Controls would have resulted from the fiduciary duty Malone owed to Altech Controls, not Alsenz. *See Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) ("A director's fiduciary duty runs only to the corporation, not to individual shareholders or even to a majority of the

16

shareholders."). Alsenz did not present any evidence of injuries he personally suffered from Malone breaching a fiduciary duty to him. Consequently, we overrule this issue.

### III. CONCLUSION

We affirm the trial court's judgment.


/s/       Charles A. Spain
              Justice

Panel consists of Justices Christopher, Bourliot, and Spain.