

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00019-CV

_____

JW CONSTRUCTION/JOSEPH YAMIN A/K/A JOSEPH YAMMINE, Appellants

V.

QUEEN SHIVA, LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2020-006985-1

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Pro se Appellant Joseph Yamin a/k/a Joseph Yammine (Yammine) filed a notice of appeal on behalf of himself and JW Construction from the trial court's January 7, 2021 judgment ordering that Appellee Queen Shiva, LLC, was entitled to judgment on its claims against Yammine and JW Construction. Yammine, however, is on the list of vexatious litigants subject to prefiling orders that is compiled by the Office of Court Administration of the Texas Judicial System. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.104. *See generally* http://www.txcourts.gov/judicial-data/vexatious-litigants. A clerk of a court may not file an appeal presented, pro se, by a vexatious litigant who is subject to a prefiling order unless the litigant obtains an order from the appropriate local administrative judge permitting the filing. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.103.

On January 22, 2021, we notified Yammine by letter that he had not provided this court with an order from the local administrative judge permitting the filing of this appeal. We warned Yammine that we would dismiss this appeal unless he provided this court with such an order by February 11, 2021. Yammine has not responded to this court's letter nor provided this court with an order permitting him to file this appeal. Accordingly, we dismiss Yammine's appeal. *See* Tex. R. App. P. 42.3, 43.2(f); *see also Morgan v. Abbott*, No. 02-19-00475-CV, 2020 WL 2073747, at *1 (Tex. App.—Fort Worth Apr. 30, 2020, no pet.) (per curiam) (mem. op.).

But Yammine's lack of an order permitting him to file this appeal was not our only concern. Yammine is not an attorney, yet he has filed a notice of appeal on JW Construction's behalf. A company that is a separate legal entity generally may not appear in court through a member who is not an attorney. *See, e.g.*, *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) ("Generally a corporation may be represented only by a licensed attorney . . . ."); *Sherman v. Boston*, 486 S.W.3d 88, 95 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("Legal entities, such as . . . a limited liability company, generally may appear in a district or county court only through a licensed attorney.").

In our January 22, 2021 letter, we also warned that if JW Construction is a separate legal entity, we could dismiss the appeal unless a licensed attorney appeared on JW Construction's behalf and filed an amended notice of appeal by February 11, 2021. *See* Tex. R. App. P. 42.3(b), (c). No licensed attorney has appeared and filed an amended notice of appeal on JW Construction's behalf. Because JW Construction has failed to either show that it is not a separate entity or have counsel file an amended noticed of appeal on its behalf as we directed in our January 22, 2021 letter, we dismiss this appeal. *See* Tex. R. App. P. 42.3(b), (c), 43.2(f), 44.3; *Infracon USA, LLC v. Funding Circle Partners, LP*, No. 02-19-00423-CV, 2020 WL 719431, at *2 (Tex. App.—Fort Worth Feb. 13, 2020, pet. denied) (per curiam) (mem. op.).

/s/ Dana Womack

Dana Womack
Justice

Delivered:  March 4, 2021